UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRFAN POPELZAI,

               Petitioner,

v.

CHRISTOPHER CHESTNUT,

               Respondent.

No. 1:26-cv-01618-DJC-CKD

ORDER

Petitioner Irfan Popelzai is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and Motion for Temporary Restraining Order (Mot. (ECF No. 9)). The Court previously informed the parties that it intended to rule directly on the merits of the Petition. (ECF No. 10.) However, Respondent has objected to the Court reaching the merits without additional time to file an answer. (Opp'n (ECF No. 12) at 6.) As such, the Court will rule only on the Motion for Temporary Restraining Order which it shall convert to a Motion for Preliminary Injunction in light of the relief granted.

## BACKGROUND

Petitioner is a citizen of Afghanistan presently in the custody of Immigration and Customs Enforcement ("ICE"). (Mot. at 3; Opp'n at 1.) It is undisputed that Petitioner has been subject to a final order of removal since September 2024. (Mot. at 3; Opp'n

1

at 2.)   Petitioner was also granted withholding of removal to Afghanistan.  (Mot. at 3; Opp'n at 5.)  Petitioner was subsequently released from custody by ICE on an order of supervision.  (Mot. at 3; Opp'n at 1.)  On December 1, 2025, Petitioner was re-detained by ICE.

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical."  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two Winter factors are satisfied."  *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).  The Ninth Circuit employs a sliding scale approach to the Winter factors, under which a strong showing on the balance of hardships may compensate for a lesser showing of likelihood of success.  *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

## DISCUSSION

### I.   Likelihood of Success on the Merits

Petitioner is likely to succeed on the merits of his claim that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention.  It is undisputed that Petitioner is subject to a final removal order.  As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen.  *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July

2

16, 2025); *see also* 8 U.S.C. § 1231.  However, Petitioner was previously released from custody.

Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, there is absolutely no indication of a change in circumstances justifying re-detention.  Respondents do not present argument or evidence that removal is at all

3

foreseeable.  Respondents argue that the Court "must allow for the detention of Petitioner to execute a final removal order" (Opp'n at 5), but fail to meet their burden to at all establish re-detention is warranted or permissible.  In fact, Respondents acknowledge that Petitioner has been granted withholding of removal to Afghanistan (*id.* 5 n.1), yet fail to identify a possible third country where Petitioner might be removed.

Given the above, Respondents have failed establish that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances.  Respondents have thus failed to carry their burden that there has been a change in circumstances.[1]  Accordingly, Petitioner has establish a likelihood of success on the merits that his present detention violates 8 C.F.R. § 241.13 and is thus unlawful.

Petitioner will suffer irreparable harm in the absence of preliminary relief.  The Ninth Circuit has recognized the irreparable harm inflicted by the "subpar medical and psychiatric care in ICE detention facilities."  *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  More broadly, the Ninth Circuit has also acknowledged the "irreparable harms imposed on anyone subject to immigration detention" including "the economic burdens imposed on detainees and their families as a result of detention."  *Id.*  Petitioner has thus established irreparable harm.

The final two *Winter* factors merge when the government is the nonmoving party.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).  The interests of equity and the public weigh in favor of Petitioner here.  As discussed above, Petitioner is harmed by his present detention.  A preliminary injunction also inflicts minimal harm to the Government.  Though Respondents have an interest in enforcing immigration laws, "the public has a strong interest in upholding procedural protections against unlawful

---

[1] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future.  But it is Respondents' burden to establish a change in circumstances and they are clearly unable to meet that burden at this time.

detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). "[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022). For these reasons, the Court concludes that the equities and public interest weigh in favor of Petitioner.

Respondents also argue that the Court should not grant the "the same ultimate relief Petitioner seeks in the underlying habeas petition" via the motion for temporary restraining order. (Opp'n at 4.) For the reasons discussed in the Court's order in *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1090 (E.D. Cal. 2025), the Court rejects this argument.

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court has "discretion as to the amount of security required, *if any*." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Because the Government cannot reasonably assert that it is harmed by conforming to its own regulations, the Court finds "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id*. Thus, the Court concludes no security is required here.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 9) is converted to a Motion for Preliminary Injunction and is GRANTED.

2. Respondents are ordered to immediately release Petitioner Irfan Popelzai from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current

5

detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner a change in circumstances to warrant Petitioner's re-detention.

4. This matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:    **March 20, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE